■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PETERSON, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered October 16, 1981, convicting him of robbery in the third degree, burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to strike an alibi demand as unconstitutional and the granting of the People's motion to strike defendant's notice of alibi. Judgment reversed, on the law, the People's motion to strike defendant's notice of alibi is denied and new trial ordered on the present indictment solely with respect to the count of grand larceny in the third degree, and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726). At the time of defendant's arraignment on February 20, 1981, the People presented him with a copy of the indictment and their demand for a notice of alibi pursuant to CPL 250.20. In his pretrial omnibus motion, defendant sought an order striking the People's demand for a notice of alibi on the ground that the statutory provision requiring defense counsel to serve upon the People a notice of alibi reciting the place or places where defendant claims to have been at the time in question and the names, places of employment and residential and business addresses of every alibi witness upon whom reliance will be made, is unconstitutional inasmuch as there is no provision for reciprocal discovery. The People opposed this branch of defendant's motion on the ground that CPL 250.20, as amended by chapter 420 of the Laws of 1974, providing for a reciprocal exchange of information regarding the People's rebuttal witnesses, is constitutional. That branch of defendant's motion as sought to strike the People's alibi demand was denied by order dated May 1, 1981. On August 25, 1981, after the case had been placed on standby to be tried during the term commencing September 8, 1981, defendant served a notice of alibi upon the prosecution. The notice, dated August 24, 1981, contained the names and residential addresses of three witnesses whose testimony might tend to establish defendant's presence elsewhere than at the scene of the crimes charged. The People thereupon moved to strike the notice and preclude the testimony of the alleged alibi witnesses. In support thereof, it was asserted that although defendant's notice was at least 174 days late, he neither sought permission of the court to file the late notice nor attempted to justify the delay. Moreover, the notice itself was defective in that no business addresses were listed therein. In opposing the People's motion to strike and preclude, defense counsel claimed that, prior to the time the notice of alibi was prepared and filed the defense had had no intent to offer alibi testimony. Counsel had not even determined that such testimony of service existed within the statutory response period, i.e., within eight days of service of the People's demand. Counsel further maintained that even if the notice had not been timely served, CPL 250.20 (subd 3) provides for exclusion of the testimony of an alibi witness only "[i]f at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi, or if having served such a

notice he calls a witness not specified therein". There is no analogous provision for the exclusion of alibi testimony where the notice is filed late but before trial. Moreover, even in situations contemplated by the aforesaid subdivision, the court, in its discretion, may receive such testimony provided it grants, upon the People's application, an adjournment not in excess of three days (CPL 250.20, subd 3). As noted in the affidavit in opposition to the People's motion to strike and preclude, "Indeed, since the People were served on August 25, 1981 and the case placed on standby for the term beginning September 8, 1981, the People have eleven (11) days — excluding the three day 'holiday' weekend of September 5th, 6th and 7th — before the expected start of trial. Since they have at least four times the period of time, *before* trial, which the legislature felt was sufficient to alleviate any prejudice due to late service *during* trial, it is difficult to understand how the People have been prejudiced to such a great extent as to warrant the extraordinary, and wholly unprecedented, remedies which they now seek." By order dated September 3, 1981, the People's motion was granted and defendant's alibi testimony was excluded based upon the court's finding that defendant's notice of alibi was untimely and defective in form. At trial, defendant's witnesses were not permitted to directly testify that he had allegedly slept through the hour of the crime. The jury ultimately found defendant guilty of the crimes of robbery in the first degree, grand larceny in the third degree and burglary in the second degree. He was acquitted of criminal possession of a weapon in the fourth degree. The court found the acquittal to be repugnant to the conviction of robbery in the first degree and burglary in the second degree and dismissed those counts. The court then submitted the lesser included offenses of robbery in the third degree, and burglary in the third degree, of which defendant was in turn convicted. Defendant's contention regarding the unconstitutionality of New York's alibi statute is without merit. There is no question but that CPL 250.20 as amended (L 1974, ch 420), comports with the requirements of *Wardius v Oregon* (412 US 470), in that it obliges the People to serve a list of proposed alibi rebuttal witnesses if the defendant has first served a notice of alibi disclosing his alibi witnesses. Under the instant circumstances, however, we deem it error for the court to have precluded defendant's witnesses from testifying as to his proposed alibi defense. The governing statute allows for the exclusion of alibi testimony in the court's discretion, where the defense calls an alibi witness at trial without having provided the People with the requisite preliminary information (CPL 250.20, subd 3). That a defendant's failure to make timely service of a notice of alibi is not a fatal defect is evidenced by the fact that the trial court, for good cause shown, may extend the period for service of the notice (CPL 250.20, subd 1). Although defendant did not initially proffer any explanation for the service of his notice some six months after the People's demand, we conclude that the People were not unduly prejudiced inasmuch as they were served with the notice of alibi two weeks prior to the tentative scheduling of the trial. Even in situations where a defendant calls an unexpected alibi witness during trial, such witness may be allowed to testify provided that the court, upon application of the People, grants an adjournment of three days or less (CPL 250.20, subd 3). Insofar as the People had approximately four times that period of time prior to trial in which to alleviate any prejudice due to late service of the alibi notice, it is inconceivable that they could have been prejudiced to such a degree as to warrant the extraordinary remedy of preclusion. Moreover, defendant's notice of alibi was not fatally defective for failure to list the witnesses' places of employment. As expressed therein, one of the witnesses was an unemployed student while the places of employment, if any, of the other two witnesses were unknown to counsel. Under such circumstances, it was sufficient for the notice to have listed the

names and residential addresses of the prospective witnesses. Notwithstanding the fact that defendant himself testified that he was asleep on a couch at the Ellington residence at the time the crime was being committed at Ms. Eisenson's apartment, it was error for the court to have precluded the alibi witnesses from testifying as to that fact although they were permitted to testify as to defendant's whereabouts and activities at other times during the day on which the subject crime was committed. The court further erred in having allowed the prosecutor to imply, in the course of his summation, that defendant's witnesses had failed to corroborate his alibi defense. The following statement, referred to by the court as "near the point where I would prohibit the comment," was allowed over defendant's objection: "What did the defendant's witnesses say? It is the People's position that as they describe the events of December 19, 1980, they told you nothing. They told you nothing that adds to your understanding of what happened with regard to this indictment and the acts alleged in the indictment. They told you nothing to add to it. They told you nothing that subtracts from it. What they told you were the events earlier that day and later that night." Based upon the prosecutor's representation that his remark merely pointed out the irrelevance of the witnesses' testimony, the court denied defendant's motion for a mistrial. It is our conclusion, however, that the comment was patently unfair in light of the preclusion imposed upon the defense. The cumulative prejudical impact of the trial court's alibi ruling and the improper comments by the prosecutor mandate a reversal of the judgment appealed from. Accordingly, the matter is remitted to the County Court, Westchester County, for a new trial in accordance herewith. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.