■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR GILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered February 16, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well established that a plea of guilty operates as a waiver of the right to appellate review of nonjurisdictional defects *(People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). The defendant has therefore waived the right to seek review of his claims on this appeal that the People's alibi request should have been stricken as unconstitutional, and that the language concluding the indictment, characterizing his offenses as "against the peace and dignity of the People of the State of New York", should have been stricken as prejudicial. These purported defects are not jurisdictional, and may not now be raised. In any event, we note that contrary to the defendant's contention, CPL 250.20, governing the People's alibi notice, is constitutional *(People v Peterson,* 96 AD2d 871). Also, the language concluding the indictment merely identifies the defendant's acts as public, rather than private, wrongs.

The sentence imposed, which was within the range promised by the court during the defendant's plea allocution, was appropriate and will not be disturbed *(People v Suitte,* 90 AD2d 80). Mangano, P. J., Kunzeman, Kooper, Sullivan and O'Brien, JJ., concur.