■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNALDO LEON CRUZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 23, 1989, convicting him of robbery in the first degree (two counts), robbery in the second

degree (three counts), criminal possession of a weapon in the fourth degree, resisting arrest, attempted assault in the first degree, assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statement to the police and identification testimony.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in rendering a *Sandoval* ruling by which the prosecutor would be permitted to cross-examine the defendant as to his previous felony conviction without any inquiry into the underlying circumstances *(see, People v Sandoval,* 34 NY2d 371, 377; *People v Edwards,* 159 AD2d 583, 584).

Moreover, there is no merit to the defendant's contention that CPL 250.20 is unconstitutional *(see, People v Gill,* 164 AD2d 867; *People v Peterson,* 96 AD2d 871).

Furthermore, the trial court did not improvidently exercise its discretion in permitting a police officer to show the jury the scar on his hand, since the purpose of that evidence was to demonstrate the seriousness of the injuries inflicted upon him by the defendant *(see, People v Hunter,* 131 AD2d 877).

The sentence imposed on the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.