■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAWSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 9, 1990, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to the police, and the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On December 13, 1988, at approximately 6:00 P.M., Police Officer Nicastro and his partner, Police Officer Maffei, were in uniform on patrol in a marked police vehicle in Yonkers. When they arrived at the vicinity of South Broadway and Highland Avenue they were flagged down by the complainant. The complainant told them that he was robbed at knifepoint on Elliot Avenue by two men. He also stated that the assailants were walking northbound on South Broadway. He then got into the police car and they searched for his assailants. About 45 seconds later, and a few blocks away, the complainant pointed out to the officers two men whom he identified as having robbed him. The officers then pulled up in front of the defendant and the codefendant and placed them under arrest.

The defendant contends that a *Wade* hearing should have been held in response to the branch of his motion which was to suppress identification testimony. We disagree. That branch of the defendant's motion was properly denied because the identification was made spontaneously and was not the product of an identification procedure arranged by the police *(see, People v McCarter,* 179 AD2d 780; *People v Rios,* 156 AD2d 397; *People v Dukes,* 97 AD2d 445).

The trial court did not improvidently exercise its discretion in rendering a *Sandoval* ruling by which the prosecutor would be permitted to cross-examine the defendant as to his previous felony conviction without inquiry into the underlying circumstances *(see, People v Sandoval,* 34 NY2d 371; *People v Blue,* 178 AD2d 539; *People v Cruz,* 176 AD2d 751; *People v Harvey,* 174 AD2d 754; *People v Edwards,* 159 AD2d 583).

Moreover, there is no merit to the defendant's contention that CPL 250.20 is unconstitutional *(see, People v Gill,* 164 AD2d 867; *People v Peterson,* 96 AD2d 871).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.