■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLEVIA OUSLEY WINTERS, Appellant. [599 NYS2d 293] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered May 8, 1991, con-

victing her of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In reviewing a claim of ineffective assistance of trial counsel, it must be determined whether the defendant was afforded meaningful representation at the time and under the circumstances of the representation *(People v Baldi,* 54 NY2d 137). A defense counsel's "mere losing tactics" are not to be equated with ineffective assistance of counsel *(People v Baldi, supra,* at 146). Furthermore, as long as a defendant is afforded meaningful representation, the courts may not, aided by the wisdom of hindsight, second-guess matters of defense counsel's trial strategy *(People v Satterfield,* 66 NY2d 796). We find that defense counsel's decision to elicit testimony that prior to the defendant's arrest, the police approached the defendant and asked her if she had any information about drug trafficking in the Village of Mamaroneck, constituted a legitimate strategy. It is apparent that counsel was attempting to create the impression that the police were angry at the defendant because they sought her cooperation and she rejected them. This might lead the jury to conclude that the officers were harassing the defendant.

The trial court did not improvidently exercise its discretion in rendering a *Sandoval* ruling permitting the prosecutor to cross-examine the defendant as to one previous felony conviction and two misdemeanor convictions and the sentences imposed for those crimes, without inquiry into the underlying circumstances *(see, People v Sandoval,* 34 NY2d 371; *People v Cruz,* 176 AD2d 751).

Furthermore, there is no merit to the defendant's contention that the language concluding the indictment, characterizing her offenses as "against the peace and dignity of the People of the State of New York", should have been stricken as prejudicial *(see, People v Gill,* 164 AD2d 867).

The defendant's contention that the verdict sheet submitted to the jury was improper is not preserved for appellate review, since she failed to object to its submission *(see, People v McLean,* 184 AD2d 591). We decline to review the issue in the exercise of our interest of justice jurisdiction *(see, People v McLean, supra).*

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions, including those in her supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.