■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ESTRADA, Appellant. [661 NYS2d 5] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered November 28, 1990, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 25 years to life and 12½ years to 25 years, respectively, unanimously affirmed.

The testimony of defendant's accomplice was sufficiently supported by corroborative evidence tending to connect defendant with the commission of the crimes (*see, People v Glasper*, 52 NY2d 970), and we find no reason to disturb the jury's findings crediting the testimony of this witness. Concerning the photographic identification, defendant was given notice thereof in the People's voluntary disclosure form, filed with the court and provided to defendant at his arraignment and, accordingly, his motion to preclude the testimony of the identifying witness

was properly denied despite the People's failure to provide CPL 710.30 (1) (b) notice (*see, People v St. Martine*, 160 AD2d 35, 40, *lv denied* 76 NY2d 990). In any event, even if the People had failed to provide proper notice pursuant to CPL 710.30, subdivision (3) thereof exempts the evidence from preclusion where, as here, the defendant has moved to suppress such evidence despite the lack of notice (*People v Merrill*, 87 NY2d 948). Finally the court's summary denial of a *Wade/Rodriguez* hearing was proper in that defendant did not dispute the People's contention that the photographic identification was confirmatory and that the defendant was personally known to the eyewitness (*see, People v Dominguez*, 207 AD2d 715, *lv denied* 84 NY2d 907). Defendant's challenge to the jury selection procedure is unpreserved (*see, People v Mancuso*, 22 NY2d 679, *cert denied sub nom. Morganti v New York*, 393 US 946), and, in any event, without merit, where the People exercised their peremptory challenges before defendant and did not challenge a prospective juror remaining in the jury box after both parties had a chance to peremptorily challenge that juror (*see, People v Alston*, 88 NY2d 519). Also unpreserved is defendant's claim that the verdicts are repugnant, no objection on this ground having been made before the jury's discharge (*see, People v Alfaro*, 66 NY2d 985), and we decline to review in the interest of justice. Most of defendant's claims with respect to the court's charge on acting in concert are unpreserved (CPL 470.05 [2]), and the rest are without merit, viewing the charge as a whole (*see, People v Coleman*, 70 NY2d 817; *People v Sampson*, 201 AD2d 314, *lv denied* 83 NY2d 971). We have considered defendant's other arguments, including that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, and find them to be without merit. Concur—Murphy, P. J., Ellerin, Nardelli, Williams and Andrias, JJ.