■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EROILDO DE JESUS, Appellant. [664 NYS2d 293] —Judgment, Supreme Court, New York County (Budd Goodman, J., at *Wade* motion; Felice Shea, J., at *Mapp/Huntley* hearing, jury trial and sentencing), rendered October 21, 1994, convicting defendant of murder in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 20 years to life and 2 to 6 years, respectively, unanimously affirmed.

Since no reasonable view of the trial evidence, when viewed in a light most favorable to defendant, would support a finding that the defendant was guilty of manslaughter in the second degree but not murder in the second degree, the trial court properly denied defendant's request for submission of the former crime as a lesser included offense (*People v Green*, 56 NY2d 427). The trial evidence unequivocally established that defendant acted with the intent to cause the death of the victim by stabbing him in the neck.

Defendant's claim that the court erred in summarily denying his motion for a *Wade* hearing is unpreserved, and in any event, without merit. Defendant never disputed the People's assertion, set forth in opposition to defendant's omnibus motion, that defendant was sufficiently known to the identifying witnesses so as to render their show-up identification of him merely confirmatory (*People v Estrada*, 241 AD2d 378). Moreover, when identities of the witnesses were disclosed during the subsequent *Mapp/Huntley* hearings, defendant never sought to renew the *Wade* motion (*see*, CPL 710.40 [4]).

We have considered defendant's remaining contention and find it to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.