■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE SMITH, Appellant. [724 NYS2d 598] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 24, 1996, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life and 5 to 15 years, respectively, unanimously affirmed.

The court properly admitted a prosecution witness's Grand Jury testimony after a thorough hearing at which the People proved by clear and convincing evidence that defendant's misconduct caused the witness's disappearance (*see, People v Cotto*, 92 NY2d 68, 75-77; *People v Geraci*, 85 NY2d 359). There

is no basis upon which to disturb the court's determinations concerning credibility. In addition to extensive evidence concerning the missing witness himself, the court properly considered evidence of defendant's unsuccessful attempts to tamper with other witnesses since this evidence established a common scheme or plan to tamper with as many witnesses as possible (*see, People v Duffy*, 212 NY 57, 64-71). The record fails to support defendant's claim that the court relied on evidence established at a proceeding concerning a witness's initial refusal to testify, from which defendant and his counsel had been excluded.

By proceeding with a suppression hearing after his motion to preclude a statement for the lack of timely CPL 710.30 (1) (a) notice was denied, defendant waived the preclusion issue (*People v Kirkland*, 89 NY2d 903). In any event, the People established good cause for the delay.

Defendant's motion to suppress his statement made in Jamaica to Jamaican officials was properly denied. There was no evidence that the Jamaican authorities acted as agents of New York police or that there was any other basis for suppression (*see, United States v Maturo*, 982 F2d 57, 61, *cert denied sub nom. Pontillo v United States, 508 US 980*). We note, in any event, that the warnings administered to defendant in Jamaica were largely similar to *Miranda* warnings.

The trial court's justification instruction, when read as a whole, adequately conveyed the correct legal standards to the jury and could not have caused any prejudice. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ.