| **People v Blue** |
| --- |
| 2009 NY Slip Op 33482(U) |
| July 20, 2009 |
| County Court, Westchester County |
| Docket Number: Indictment No. 09-0397 |
| Judge: James W. Hubert |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

[* 1]

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

       - against -

MARK ANTHONY BLUE

         Defendant.
----------------------------------------------------------------x

DECISION & ORDER

Indictment No.: 09-0397

Hubert, J.

    The defendant is charged under Westchester County Indictment 09-0397 with one count

of attempted murder in the second degree, one count of assault in the first degree, and one count

of unlawful imprisonment in the first degree in violation of Penal Law § 135.10, for acts he

allegedly committed on or about March 13, 2009 in the city of Mount Vernon. By notice of

motion, accompanying affirmation and memorandum of law, all dated June 1, 2009, the

defendant now moves for omnibus relief. The People have submitted an affidavit and

memorandum of law in opposition. Upon consideration of these papers as well as the review of

the Grand Jury minutes, the defendant's motion is decided as follows:

I.     **Motion to Inspect the Grand Jury Minutes and to Dismiss or Reduce the Indictment**

    The application is granted only to the extent that the Court has conducted an *in camera*

inspection of the minutes of the Grand Jury proceedings. Upon review of the evidence

presented, this Court finds that all counts of the indictment were supported by sufficient

evidence and that the Grand Jury was properly instructed. *People v. Calbud*, 49 N.Y.2d 389, 426

1

N.Y.S.2d 389, (1980); *People v. Valles*, 62 N.Y.2d 36, 476 N.Y.S.2d 50 (1984). There was no other infirmity which would warrant a dismissal of the instant indictment. Nor does the Court find any facts warranting the release of any portion of the minutes of the Grand Jury proceedings to the defense. CPL § 210.30(3). Accordingly, this branch of defendant's motion seeking dismissal of the indictment is denied.

## II.    Motion to Strike Identification Notice

The defendant's motion is denied. The language in the notice served by the People in accordance with CPL § 710.30 informed the defendant of the time, place, and manner in which the identifications were made. CPL § 710.30(1); *People v. Lopez*, 84 N.Y.2d 425, 618 N.Y.S.2d 879 (1994). The fact that the name of the witness was not provided does not require preclusion. The notice was sufficiently detailed to furnish the defense with enough information to move for suppression pursuant to CPL § 710.60 (3) (b). *See People v. Ocasio*, 183 A.D.2d 921, 922 (2d Dep't 1992), *lv. dism.* 80 N.Y.2d 932 (1992)(preclusion not warranted where People, in providing CPL § 710.30 (1) (b) notice, erroneously gave wrong name of identifying witness; incorrect name did not change substance of notice or ability of defense to timely move for hearing.)

In their affirmation in opposition, the People contend that the defendant waived his right to challenge the sufficiency of the CPL § 710.30 notice by moving in the alternative to suppress the identification procedure. A defendant may move in the alternative to suppress without waiving a preclusion claim, so long as the suppression claim is not litigated to a final determination. *See People v. Kirkland*, 89 NY2d 903, 653 N.Y.S.2d 256 (1996); *People v. Smith*, 283 AD2d 189, 724 N.Y.S.2d 598 (1st Dep't 2001); *People v. Figueroa*, 278 A.D.2d 139,

2

[* 2]

717 N.Y.S.2d 592 (1st Dep't 2000).

### III. Motion to Suppress Identification Testimony

The People provided notices to the defendant pursuant to CPL § 710.30(1)(b) that a witness (the complainant) previously identified the defendant from a photo array, and subsequently from a photograph, but contend that the identification procedures were merely confirmatory because the witness and the defendant were well known to each other. Specifically, the People state that the defendant and the complaint had been dating for approximately three to four months at the time of the alleged incident. The People allege that the defendant was at the complainant's apartment when she arrived home on the date of the crime, and that he prevented her from leaving her apartment for several hours after the incident. The defendant does not dispute that he and the complaint were dating. He alleges that, based on information and belief, the complainant suffers from mental health issues and has substance abuse issues.

The People's assertion that the defendant and the complainant had been dating for several months at the time of the alleged crime establishes a relationship familiarity that ensured that the identification by the complainant was not susceptible to police suggestion. Accordingly, the branch of the defendant's motion seeking to suppress evidence of the pre-trial identification procedures is denied. *See People v. Rodriguez*, 79 N.Y.2d 445, 583 N.Y.S.2d 814 (1992); *People v. Boyer*, 6 N.Y.3d 427, 813 N.Y.S.2d 31 (2006); *People v. Rodriguez*, 47 A.D.3d 417, 849 N.Y.S.2d 232 (1st Dep't 2008)(court properly denied, without a hearing, defendant's motion to suppress identification testimony; defendant never disputed the People's assertion, set forth in opposition to defendant's omnibus motion, that defendant was sufficiently known to the victim

3

so as to render the photo identification merely confirmatory); *People v. Murray*, 247 A.D.2d 292, 668 N.Y.S.2d 457 (1st Dep't 1998)(since defendant did not dispute the People's contention that he had relationships with the People's witnesses, his request for a hearing pursuant to *People v. Rodriguez* was properly denied); *People v. DeJesus*, 244 A.D.2d 244, 664 N.Y.S.2d 293 (1st Dep't 1997)(same).

## IV.    Motion to Strike Alibi Demand

This motion is denied. The People's demand pursuant to CPL § 250.20 comports with due process requirements. *People v. Peterson*, 96 A.D.2d 871, 465 N.Y.S.2d 743 (2d Dep't 1983). There is no merit to the defendant's contention that CPL § 250.20 is unconstitutional. *People v. Dawson*, 185 A.D.2d 854, 587 N.Y.S.2d 358 (2d Dep't 1992); *People v. Cruz*, 176 A.D.2d 751 (2d Dep't 1991); *People v. Gil*, 164 A.D.2d 867, 559 N.Y.S.2d 376 (2d Dep't 1990).

## V.    Motion for a Bill of Particulars

This branch of defendant's motion is denied, as the People have already served a bill of particulars pursuant to, and simultaneously with, the consent order in this case. The bill of particulars provided to the defendant was sufficient to adequately inform him of the substance of his alleged conduct and to enable him to prepare and conduct a defense. *See* CPL § 200.95; *People v. Watt*, 84 N.Y.2d 948, 620 N.Y.S.2d 817 (1994); *People v. Byrnes*, 126 A.D.2d 735, 511 N.Y.S.2d 322 (2d Dep't 1987).

## VI.    Motion for Discovery and Inspection Pursuant to CPL § 240.20

Defendant's demand for disclosure of items or information pursuant to the provisions of CPL § 240.20(1) (a) through (i) is granted to the limited extent that the People are ordered to provide defendant with those materials and information which is required to be disclosed to him

4

pursuant to CPL §§ 240.44 and 240.45. To the extent that portions of defendant's motion seek items or information beyond the scope of discovery, without showing that such items are material to the preparation of his defense, those requests are denied. CPL § 240.40(1)(a).

Defendant's request for the production of exculpatory material or impeachment material within the meaning of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.E.2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.E.2d 104 (1972) within the People's possession is granted. The People have acknowledged and are reminded of their continuing obligation to disclose to the defense any exculpatory evidence and impeachment material at the earliest possible date. To the extent that any doubt exists as to whether certain materials must be disclosed to the defense, the People are directed to submit such materials to the Court for *in camera* inspection to determine whether they contain exculpatory or impeachment information subject to disclosure.

## VII.    Motion for a *Sandoval/Ventimiglia* Hearing

Defendant's request for a *Sandoval* hearing is granted and shall be conducted immediately prior to trial. At that time, (a) the People must notify the defendant of all specific instances any of the defendant's prior uncharged criminal, vicious or immoral conduct of which the People have knowledge and intend to use at trial for purposes of impeaching the credibility of the defendant pursuant to CPL § 240.43; and (b) defendant must then sustain his burden of informing the Court of the prior misconduct which might unfairly affect him as a witness in his own behalf. *People v. Matthews*, 68 N.Y.2d 118, 506 N.Y.S.2d 149 (1986); *People v. Malphurs*, 111 A.D.2d 266, 489 N.Y.S.2d 102 (2d Dep't 1985).

Defendant's request for a *Ventimiglia* hearing is denied at this time since the People

represent that they will not seek to introduce at trial evidence of any prior bad acts that the defendant may have committed. If the People subsequently determine that they will seek to introduce such evidence, they must notify the Court and defense counsel, and a *Ventimiglia* hearing shall be conducted immediately prior to trial to determine whether or not any evidence of uncharged crimes may be used by the People to prove their case in chief. The People are urged to make an appropriate decision in this regard sufficiently in advance of trial to allow any *Ventimiglia* hearing to be consolidated and held with the other hearings ordered herein.

## VIII. Motion to Strike Language from the Indictment

The defendant's motion to strike allegedly prejudicial language from the indictment is denied. The phrase "against the peace and dignity of the People of the State of New York" merely identifies the defendant's alleged acts as public, rather than private, wrongs. *People v. Winters*, 194 A.D.2d 703, 599 N.Y.S.2d 293 (2d Dep't 1993); *People v. Gill*, 164 A.D.2d 867, 559 N.Y.S.2d 376 (2d Dep't 1990).

## VIX. Motion to Dismiss the Indictment for Facial Insufficiency

The indictment contains a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant's commission thereof with sufficient precision as to clearly apprise the defendant of the conduct which is the subject of the indictment. CPL § 200.50. The indictment charges each and every element of the crimes, and alleges that the defendant committed the acts which constitute the crimes at a specified place during a specified time period and, therefore, is sufficient on its face. *People v. Iannone,* 45 N.Y.2d 589, 412 N.Y.S.2d 110 (1978); *People v. Cohen*, 52 N.Y.2d 584, 439 N.Y.S.2d 321 (1981).

6

[* 6]

The foregoing constitutes the Decision and Order of the Court.

Dated: White Plains, New York
        July 20, 2009

_____
James W. Hubert
Acting Supreme Court Justice


Hon. Janet DiFiore
District Attorney, Westchester County
111 Dr. Martin Luther King Jr. Blvd
White Plains, NY 10601

Vincent de Marte, Esq.
The Legal Aid Society of Westchester County
One North Broadway
White Plains, NY 10601

Donna Minort
Chief Clerk

Elizabeth Pace
Deputy Chief Clerk

7

[* 7]