| People v Coles |
| --- |
| 2022 NY Slip Op 34765(U) |
| January 24, 2022 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 21-00535-01 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED

JAN 2 4 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

FILED
AND
ENTERED
ON /-24- 2022
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -                                                            DECISION AND ORDER

CHARLES COLES,                                                        Ind. No. 21-00535-01

                                        Defendant.
-------------------------------------------------------------------X

NEARY, J.

The defendant, Charles Coles, has been charged with the crimes of Driving While Intoxicated as a felony (Vehicle and Traffic Law §1192.3); Refusal to Take a Breath Test (Vehicle and Traffic Law §1128[A]), Failed to Use Designated Lane (Vehicle and Traffic Law §1128[C]) and Consumption of Alcohol in Motor Vehicle (Vehicle and Traffic Law §1127[1]). The defendant has made an omnibus motion which consists of a Notice of Motion and an Affirmation and Memorandum of Law in support thereof. In response, the People have filed an

*People v. Charles Coles*
Indictment No. 21-00535-01

Affirmation in Opposition together with a Memorandum of Law. **The Court received the defendant's motion on December 7, 2021. The Court received the People's Affirmation in Opposition on December 20, 2021 with Grand Jury minutes and an Affirmation of Service. While the People timely answered the defendant's motion, the Court mislaid the papers and did not issue a decision on January 21, 2022. Under the mistaken belief that the People did not provide an answer, the Court adjourned the matter to February 18, 2022 charging the time to the People. This was an error on the Court's part. The time will not be charged to the People as they did answer in a timely manner.** Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

MOTION TO STRIKE NOTICES PURSUANT TO CPL ARTICLE 710

This motion is denied. Said notice is in conformity with the statutory requirements of CPL §710.30.

MOTION TO SUPPRESS STATEMENTS PURSUANT TO CPL ARTICLE 710 and MOTION TO SUPPRESS EVIDENCE OF AN ALLEGED REFUSAL TO SUBMIT TO A CHEMICAL TEST

This branch of the defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the defendant, which have been noticed by the People pursuant to CPL §710.30 (1)(a), were involuntarily made by the defendant within the meaning of CPL §60.45 (see CPL §710.20(3), CPL §710.60[3][b]; *People v. Weaver*, 49 NY2d 1012, 429 NYS2d 399, 406 NE2d 1335),

Page 2

obtained in violation of defendant's Sixth Amendment right to counsel, and/or obtained in violation of the defendant's Fourth Amendment rights (see *Dunaway v. New York*, 442 US 200, 99 S. Ct. 2248, 60 LE2d 824).

The hearing will also address the admissibility of any refusal to submit to a chemical test on the defendant's part.

## MOTION TO SUPPRESS FIELD SOBRIETY TEST RESULTS and MOTION TO SUPPRESS ALLEGED EVIDENCE OF CUP OF LIQUID FOUND INCIDENT TO ARREST

This branch of the defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of property (see *Mapp v. Ohio*, 367 US 643, 81 S Ct. 1684, 6 LE2d 1081) and whether any evidence was obtained in violation of the defendant's Sixth Amendment right to counsel and/or obtained in violation of the defendant's Fourth Amendment rights. [See *Dunaway v. New York*, 42 US 200, 99 S Ct. 2248, 60LE2d 824].

## MOTION TO DISMISS PURSUANT TO CPL ARTICLE 210 and MOTION TO INSPECT AND DISMISS OR REDUCE PURSUANT TO CPL ARTICLE 210

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

[* 3]

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

## MOTION FOR *VENTIMIGLIA* HEARING, MOTION FOR *SANDOVAL* HEARING and MOTION FOR DISCLOSURE OF UNCHARGED BAD ACTS PURSUANT TO CPL 240.43

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34

[* 4]

NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

## MOTION FOR EXCULPATORY EVIDENCE

The People recognize their continuing duty to disclose exculpatory material at the earliest possible date. [See *Brady v. Maryland*, 373 US 83, 83 S Ct. 1194, 10 LE2d 215 and *Giglio v. United States*, 405 US 150, 92 S Ct. 763, 31 LE2d 104]. If the People are or become aware of any material which is arguable exculpatory, but they are not willing to consent to its disclosure, they are directed to disclose such material to the Court for its *in camera* inspection and determination as to whether such will be disclosed to the defendant.

## MOTION TO STRIKE ALIBI DEMAND

This motion is denied. Contrary to the defendant's contentions, it is well-settled that CPL §250.00 is indeed in compliance with the constitutional requirements (see *People v. Dawson,* 185 AD2d 854, 587 NYS2d 358, *appeal denied* 80 NY2d 974, 591 NYS2d 143, 605 NE2d 879; *People v. Cruz,* 176 AD2d 751, 574 NYS2d 1006, *appeal denied* 79 NY2d 855, 580 NYS2d 727, 588 NE2d 762; *People v. Gill,* 164 AD2d 867, 599 NYS2d 376, *appeal denied* 76 NY2d 893, 561 NYS2d 555, 562 NE2d 880; *People v. Peterson,* 96 AD2d 871, 578 NYS2d 358) and provides equality in the required disclosure (see *People v. Peterson,* 90 AD2d 871, 578 NYS2d 358; see generally *Wardius v. Oregon,* 412 US 470, 93 S Ct. 2208, 37 LE2d 82).

[* 5]

*People v. Charles Coles*
Indictment No. 21-00535-01

## MOTION FOR TIME TO FILE FUTURE MOTIONS

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
   January 24, 2022

_Robert A. Neary_
ROBERT A. NEARY
SUPREME COURT JUSTICE

Sharleen A. Bailon
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
sbailon@westchesterda.net

April A. McKenzie, Esq.
Attorney for Defendant
Office of Clare J Degnan, Esq.
Legal Aid Society
150 Grand Street, Suite 100
White Plains, New York 10601
amckenzie@laswest.org

[* 6]