| People v Delgado |
| --- |
| 2023 NY Slip Op 34723(U) |
| August 1, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Indictment No. 23-71282 |
| Judge: Anne E. Minihan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

LUIS DELGADO

Defendant.

-------------------------------------------------------------------X

FILED

AND ENTERED

ON $\underline{8-1}$ 2023

WESTCHESTER

COUNTY CLERK

FILED

AUG - 2 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

DECISION & ORDER
Indictment No. 23-71282

MINIHAN, J.

Defendant, Luis Delgado, charged by Westchester County Indictment Number 23-71282 with Driving While Intoxicated, as an E Felony[1] (Vehicle and Traffic Law § 1192[3]) and Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree[2] (Vehicle and Traffic Law § 511[3][a][i]), has filed an omnibus motion consisting of a Notice of Motion, an Affirmation in Support, and a Memorandum of Law. In response, the People filed an Affirmation in Opposition together with a Memorandum of Law.

I.

MOTION to INSPECT, DISMISS, and/or REDUCE
CPL ARTICLE 190

Defendant moves pursuant to CPL 210.20 to dismiss the indictment, or reduce the counts charged against him, on the grounds that the evidence before the Grand Jury was legally insufficient and the Grand Jury proceeding was defective within the meaning of CPL 210.35. On consent of the People, the Court has reviewed the minutes of the proceedings before the Grand Jury.

The Court denies defendant's motion to dismiss or reduce the counts in the indictment for legally insufficient evidence because a review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged (*see* CPL 210.30[2]). Pursuant to CPL 190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. "Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted--and deferring all questions as to the weight or quality of the evidence--would warrant conviction" (*People v Mills*, 1 NY3d 269, 274-275 [2002]). Legally sufficient evidence means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof (CPL 70.10[1]; *see People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). "In the context of a Grand

---

[1] By special information attached to the indictment, defendant is alleged to have been previously convicted of the crime of Driving While Intoxicated (Vehicle and Traffic Law § 1192[3]) as a misdemeanor, on or about February 28, 2018, in The Bedford Town Court, Westchester County, New York.

[2] By special information attached to the indictment, defendant is alleged to have been previously convicted of the crime of Driving While Intoxicated (Vehicle and Traffic Law § 1192[3]) and as a result, defendant's license and privilege to operate a motor vehicle in the State of New York and defendant's privilege of obtaining a license issued by the Commissioner of Motor Vehicles was revoked on or about February 28, 2018 and, defendant, on or about October 31, 2022 knew or had reason to know of said revocation and said revocation was in effect at that time.

[* 1]

Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011]). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference. That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Bello*, 92 NY2d 523, 526 [1998]). Here, the evidence presented, if accepted as true, is legally sufficient to establish every element of the offenses charged (CPL 210.30[2]).

With respect to defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL 210.35, a review of the minutes reveals that a quorum of the grand jurors was present during the presentation of evidence and that the Assistant District Attorney properly and clearly instructed the Grand Jury on the law and only permitted those grand jurors who heard all the evidence to vote the matter (*see People v Collier*, 72 NY2d 298 [1988]; *People v Calbud*, 49 NY2d 389 [1980]; *People v Valles*, 62 NY2d 36 [1984]; *People v Burch*, 108 AD3d 679 [2d Dept 2013]).

To the extent that defendant's motion seeks disclosure of portions of the Grand Jury minutes beyond the disclosure directed by CPL Article 245, such as the prosecutor's instructions and/or colloquies, the Court denies that branch of the motion.

II.

### MOTION for *SANDOVAL* and *VENTIMIGLIA* HEARINGS

Defendant has moved for a pre-trial hearing to permit the trial court to determine the extent, if at all, to which the People may inquire into defendant's prior criminal convictions or prior uncharged criminal, vicious, or immoral conduct. On the People's consent, the court orders a pre-trial *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371[1974]). At said hearing, the People shall notify defendant, *in compliance with CPL Article 245*, of all specific instances of his criminal, prior uncharged criminal, vicious, or immoral conduct of which they have knowledge and which they intend to use in an attempt to impeach defendant's credibility if he elects to testify at trial, *and, in any event, not less than 15 days prior to the first scheduled trial date*. Defendant shall bear the burden of identifying any instances of his prior misconduct that he submits the People should not be permitted to use to impeach his credibility. Defendant shall be required to identify the basis of his belief that each event or incident may be unduly prejudicial to his ability to testify as a witness on his own behalf (*see People v Matthews*, 68 NY2d 118 [1986]; *People v Malphurs*, 111 AD2d 266 [2d Dept 1985]).

If the People determine that they will seek to introduce evidence at trial of any prior uncharged misconduct and criminal acts of defendant, including acts sought to be used in their case in chief, they shall so notify the court and defense counsel, *in compliance with CPL Article 245, and, in any event, not less than 15 days prior to the first scheduled trial date*, and a *Ventimiglia/Molineux* hearing (*see People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]) shall be held immediately prior to trial to determine whether or not any evidence of uncharged crimes may be so used by the People. The People are urged to make an appropriate decision in this regard sufficiently in advance of trial to allow any *Ventimiglia/Molineux* hearing to be consolidated and held with the other hearings herein.

[* 2]

III.

## MOTIONS to STRIKE STATEMENT NOTICE, SUPPRESS NOTICED STATEMENTS, and PRECLUDE UNNOTICED STATEMENTS

The People, pursuant to CPL 710.30(1)(a), provided one notice containing multiple statements allegedly made by defendant to members of the New York State Police on October 31, 2022 at approximately 3:41 A.M. Defendant's motion to strike the notice is denied as the notice is in conformity, with the statutory requirements of CPL 710.30 and informs defendant of the time and place of the statements as well as the sum and substance of same (*People v Lopez*, 84 NY2d 425, 428 [1994]). According to the People, the statements defendant made were also recorded on police-worn body camera.

Defendant also moves to suppress the noticed statements as involuntary, the product of an unlawful detention and arrest, made without proper *Miranda* warnings, and in violation of his right to counsel. Defendant's motion to suppress is granted to the extent that a pre-trial *Huntley* hearing shall be held, on consent of the People, to determine whether the alleged statements were involuntarily made within the meaning of CPL 60.45 (*see* CPL 710.20(3); CPL 710.60[3][b]; *People v Weaver*, 49 NY2d 1012 [1980]). The hearing will also address whether the alleged statements were obtained in violation of defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]), or his Sixth Amendment right to counsel.

Defendant correctly points out that the People did not file notice of the statements allegedly made by defendant to the Yorktown Police Officer who was first on scene.[3] The motion to preclude the People from introducing these statements is denied as premature. To the extent the People choose to cross-examine defendant, should he elect to testify, the People are instructed to obtain a ruling from the trial court should they seek to impeach him with any of these, or other, unnoticed statements.

IV.

## MOTION to SUPPRESS PHYSICAL EVIDENCE and REFUSAL

Defendant moves for suppression of all evidence, including his refusal to submit to a chemical test, the officers' observations of him before, during, and after the Standardized Field Sobriety Tests, and physical evidence seized from his vehicle. This branch of defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of property (*see Mapp v Ohio*, 367 US 643[1961]). The hearing will also address whether any evidence was obtained in violation of defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]).

With respect to defendant's allegation that his alleged refusal to submit to a chemical test should be suppressed on constitutional grounds, this Court directs that a Refusal Hearing be conducted prior to trial to determine, among other things, that the DWI refusal warnings were

---

[3] According to the testimony before the Grand Jury, one such statement allegedly made by defendant was that he was coming from earth and going to earth.

3

provided in accordance with VTL 1194 (*see People v Smith*, 18 NY3d 544, 547 [2012]; *People v Williams*, 99 AD3d 955 [2d Dept 2012]).

V.
## MOTION to STRIKE ALIBI NOTICE

Defendant's motion to strike the People's alibi notice is denied. Contrary to defendant's contentions, it is well-settled that CPL 250.20 is indeed in compliance with the constitutional requirements (*see People v Dawson*, 185 AD2d 854 [2d Dept 1992]; *People v Cruz*, 176 AD2d 751 [2d Dept 1991]; *People v Gill*, 164 AD2d 867 [2d Dept 1990]) and provides equality in the required disclosure (*People v Peterson*, 96 AD2d 871 [2d Dept 1983]; *see generally Wardius v Oregon*, 412 US 470 [1973]).

VI.
## *BRADY* MATERIAL

The People acknowledge their continuing duty to disclose exculpatory material (*Brady v Maryland*, 373 US 83 [1963]; *see Giglio v United States*, 405 US 150 [1971]). The People also acknowledge that they have or will comply with their obligations under CPL 245.20(1) (k), (l), and (p). If the People are or become aware of any such material which is arguably subject to disclosure under *Brady* and its progeny and Criminal Procedure Law Article 245 which they are unwilling to consent to disclose, they are directed to bring it to the immediate attention of the Court and to submit it for the Court's in camera inspection and determination as to whether it constitutes *Brady* material discoverable by defendant.

The Court has served a *Brady* Order on the People, dated May 30, 2023, which details the time period their disclosure must be made in accordance with the standards set forth in the United States and New York State Constitutions and CPL Article 245.

VII.
## MOTION to STRIKE PREJUDICIAL LANGUAGE

Defendant moves to strike certain language from the indictment on the grounds that it is irrelevant and potentially prejudicial. The language contained in the indictment merely identifies defendant's acts as public, rather than private wrongs and such language need not be stricken on the ground that it is prejudicial. This motion is denied (*see People v Gill*, 164 AD2d 867 [2d Dept 1990]; *People v Winters*, 194 AD2d 703 [2d Dept 1993]; *People v Garcia*, 170 Misc. 2d 543 [Westchester Co. Ct. 1996]).

The foregoing constitutes the Decision and Order of this Court.

Dated:      White Plains, New York
            August __*l*__, 2023

                                        _____
                                        Honorable Anne E. Minihan
                                        Justice of the Supreme Court

4

To:
Hon. Miriam E. Rocah
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, NY 10601
Attn: ADA Kevin Jones
KJones@westchesterda.net


The Office of Clare J. Degnan
Legal Aid Society of Westchester County
150 Grand Street, Suite 100
White Plains, NY 10601
Attn: Dijonnae S. Samuels, Esq.
DSamuels@laswest.org
*Attorney for defendant, Luis Delgado*

[* 5]