■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICIA VOGT et al., Respondents.—Appeal by the People, as limited by their brief, from so much of (1) an order of the County Court, Orange County (Byrne, J.), dated March 16, 1990, as granted those branches of the motion of the defendant Patricia Vogt which were to dismiss counts 16 through 20 and 26 through 30, inclusive, of Indictment Number 89-523 insofar as they are asserted against her, and (2) an order of the same court, also dated March 16, 1990, as granted those branches of the motion of the defendant Ralph Vogt which were to dismiss counts 1 through 15 and 21 through 25, inclusive, of Indictment Number 89-523, insofar as they are asserted against him.

Ordered that the orders are affirmed insofar as appealed from.

The defendant Ralph Vogt was charged under Indictment Number 89-523 with five counts of rape in the first degree, and five counts of sodomy in the first degree, five counts of sexual abuse in the first degree with respect to an infant boy and five counts of sexual abuse in the first degree with respect to an infant girl. The defendant Patricia Vogt was charged with five counts of sexual abuse in the first degree with respect to the infant boy and five counts of sexual abuse in the first degree with respect to the infant girl. Each grouping of five counts covered a 10-month period from January 1, 1986, to October 31, 1986, and each count within each grouping covered a two-month portion of the 10-month period (e.g., counts 1, 6, 11, 16, 21 and 26 covered January 1 to February 28, 1986). Both defendants were jointly charged with four counts of endangering the welfare of a child.

Upon separate motions by the defendants (each was represented by separate counsel) the County Court dismissed the rape, sodomy and sexual abuse counts on the basis that they failed to provide sufficient notification of the dates and time of the alleged offenses and that they were duplicitous. The People contend that this was error. We disagree.

An indictment must provide a defendant with fair notice of the charges against him or her and of the manner, time and place of the conduct underlying the accusations so as to enable him or her to answer the charges and prepare an adequate defense *(see, People v Keindl,* 68 NY2d 410, 416; *People v Morris,* 61 NY2d 290, 293). Although an allegation of a "designated period of time" (CPL 200.50 [6]) may suffice for the purposes of CPL 200.50 (6), any such period must be reasonable *(see, People v Morris, supra,* at 295). Here, the counts in question alleged criminal activities against two minor children (approximately five and seven years old at the time of the alleged incidents), spanning a 10-month period. The mere fact that the District Attorney artfully drafted the indictment by arbitrarily dividing those 10 months into two-month intervals which had no basis in the facts cannot detract from the conclusion that the time periods were unreasonable under the circumstances *(see, People v Beauchamp,* 74 NY2d 639; *People v Keindl, supra; People v Corrado,* 161 AD2d 658).

Furthermore, CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only" and CPL 200.50 (3) requires that an indictment must contain "[a] separate accusation or count addressed to each offense charged, if there be more than one" (CPL 200.50 [3]). Thus, "where a crime is made out by the commission of one act, that act must be the only offense alleged in the count" *(People v Keindl, supra,* at 417). In the case at bar, although the first through thirtieth counts were not facially duplicitous, a review of the Grand Jury minutes reveals that each count was, in fact, premised upon multiple acts of sexual contact. Therefore, these counts of the indictment were also properly dismissed as duplicitous *(see, People v Beauchamp, supra; People v Romero,* 147 AD2d 358). Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.