■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED ATTA, Appellant. [5 NYS3d 455]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered August 17, 2009, convicting him of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, criminal sexual act in the second degree (8 counts), rape in the third degree (5 counts), sexual abuse in the second degree (36 counts), sexual abuse in the third degree (42 counts), and endangering the welfare of a child (2 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by vacating the convictions of criminal sexual act in the second degree (8 counts) under counts 3 and 97 through 103 of the consolidated indictment, the convictions of sexual abuse in the second degree (36 counts) under counts 32 through 39, 41 through 47, and 111 through 131 of the consolidated indictment, and the convictions of sexual abuse in the third degree (42 counts) under counts 48 through 61, 63 through 75, and 77 through 91 of the consolidated indictment, vacating the sentences imposed on those counts of the consolidated indictment, and dismissing those counts of the consolidated indictment; as so modified, the judgment is affirmed.

The complainants, Gabrielle B. and her younger sister, Angela B., alleged that the defendant, their stepfather, then in his late forties and early fifties, sexually abused them for years. With respect to Gabrielle, the abuse allegedly started in December 2000, when she was 10 years old. With respect to Angela, it allegedly started in August 2003, approximately when she turned 10 years old. With respect to each of them, the abuse allegedly continued until mid-August 2007, when the defendant went on a trip to his native country, Egypt. When he returned from the trip near the end of September of that year, Gabrielle told her older sister, Monica, and her Aunt Dorothy, who was a caseworker with the New York City Administration for Children's Services, of the abuse. Thereafter, Angela disclosed to her mother that she, too, had been abused by the defendant.

The defendant was tried on 95 counts of a 132-count consolidated indictment, charging him with course of sexual conduct against a child in the first degree, course of sexual conduct in the second degree, and multiple counts of rape in the third degree, criminal sexual act in the second degree, sexual abuse in the second degree, sexual abuse in the third degree, and endangering the welfare of a child. The consolidated indictment alleged that the defendant committed the crimes of criminal sexual act in the second degree, sexual abuse in the second degree, and sexual abuse in the third degree over the course of multiple years. Those charges were temporally divided in the consolidated indictment, such that the vast majority of those counts alleged a crime spanning an approximately two-month period, while the others alleged a crime spanning a period of either two weeks or 1½ months. This division resulted in charging the defendant with 8 counts of criminal sexual act in the second degree, 36 counts of sexual abuse in the second degree, and 42 counts of sexual abuse in

the third degree. We note that, although the verdict sheet listed 96 counts, count 94 of the consolidated indictment, which was designated as "Count 65 Submitted" on the jury's verdict sheet, was dismissed on consent of the People on July 22, 2009, and the Uniform Sentence and Commitment sheet reflects that the defendant was not convicted of that count or sentenced thereon.

The defendant contends that his convictions of criminal sexual act in the second degree, sexual abuse in the second degree, and sexual abuse in the third degree should be vacated because the counts of the consolidated indictment charging those crimes failed to provide him with fair notice of the charges against him. An indictment must provide a defendant with fair notice of the charges against him or her, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to answer the charges and prepare an adequate defense (*see People v Keindl*, 68 NY2d 410, 416 [1986]; *People v Morris*, 61 NY2d 290, 293 [1984]). As pertinent to this case, when a defendant is "charged with a crime that is perpetrated by commission of a single act and time is not a substantive element of the crime charged, the allegation of when that act was committed must be reasonably specific in light of all the circumstances of the particular case" (*People v Shack*, 86 NY2d 529, 540 [1995]; *see* CPL 200.50 [6]). Although an allegation of a designated period of time may suffice for the purposes of CPL 200.50 (6), any such period must be reasonable (*see People v Morris*, 61 NY2d at 295; *People v Vogt*, 172 AD2d 864, 865 [1991]).

Here, numerous counts of the consolidated indictment charged various acts of criminal sexual act (*see* Penal Law § 130.45 [1]) and sexual abuse (*see* Penal Law §§ 130.55, 130.60), which involved several single acts. These acts spanned a time period of at least four years with respect to Gabrielle, and approximately one year with respect to Angela. In an effort to specify a time period that was not unreasonably excessive, the District Attorney drafted the indictment to divide these time periods mostly into two-month intervals. Although the indictment, on its face, may have been sufficient, the trial testimony revealed that the complainants lacked any ability "to particularize the date and time of the alleged . . . offense[s]" (*People v Morris*, 61 NY2d at 296), and that there was no real basis in fact for the intervals alleged with respect to these counts (*see People v Vogt*, 172 AD2d at 865; *see also People v Watt*, 192 AD2d 65, 69 [1993], *affd* 84 NY2d 948 [1994]; *cf. People v Black*, 65 AD3d 811, 813 [2009]). Thus, "[t]he mere fact that the District Attorney artfully drafted the indictment

by arbitrarily dividing" those otherwise excessive time periods into two-month intervals despite the absence of any basis in fact, "cannot detract from the conclusion that the time periods" with respect to these single-act crimes "were unreasonable" under the circumstances here (*People v Vogt*, 172 AD2d at 865; *see People v Beauchamp*, 74 NY2d 639 [1989]; *People v Keindl*, 68 NY2d at 416; *People v Morris*, 61 NY2d at 296). Under the circumstances of this case, despite the defendant's failure to preserve the issue for appellate review, we reach the issue in the interest of justice, and we vacate the defendant's convictions of criminal sexual act in the second degree, sexual abuse in the second degree, and sexual abuse in the third degree (*see People v Jean*, 117 AD3d 875 [2014]; *People v Quinones*, 8 AD3d 589 [2004]; *see also People v Senisi*, 196 AD2d 376, 382 [1994]).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, rape in the third degree, and endangering the welfare of a child (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Hewitt*, 82 AD3d 1119, 1121 [2011]; *People v Crawford*, 38 AD3d 680 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the complainants' testimony was not incredible or unreliable. Furthermore, contrary to the defendant's contention, the evidence was sufficient to establish the penetration element of the crime of rape in the third degree under count 11 of the consolidated indictment, which was designated as "Count 6 Submitted" on the jury's verdict sheet.

The defendant contends that numerous counts were rendered duplicitous by virtue of the complainants' testimony or were otherwise multiplicitous by virtue of the fact that sexual abuse was charged in two or three separate counts based on multiple

acts arising out of the same single incident. He further contends that his convictions of criminal sexual act in the second degree, sexual abuse in the second degree, and sexual abuse in the third degree were not supported by legally sufficient evidence. In light of our determination, these contentions have been rendered academic.

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.