◼ The People of the State of New York, Respondent, v Giorgi Shevardenidze, Appellant. [49 NYS3d 471]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered August 12, 2014, convicting him of aggravated sexual abuse in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of aggravated sexual abuse in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Atta*, 126 AD3d 713, 716 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of aggravated sexual abuse in the second degree beyond a reasonable doubt (*see* Penal Law § 130.67 [1] [a]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon our independent review of the record here, we are satisfied that the verdict of guilt as to the crime of aggravated sexual abuse in the second degree, including the "physical injury" element, was not against the weight of the evidence.

The defendant's contention that defense counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Bedford*, 95 AD3d 1226, 1227 [2012]; *People v*

*Erskine*, 90 AD3d 674, 675 [2011]; *People v Greenlee*, 70 AD3d 966, 967 [2010]). Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.