| |
|:---:|
| **People v Goodwine** |
| 2023 NY Slip Op 34731(U) |
| February 2, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 72339-22/002 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

        -against-                        **DECISION & ORDER**

**ANTHONY GOODWINE,**

                                       **Indictment No: 72339-22/002**
                          **Defendant.**
-------------------------------------------------------------------------x
**ROBERT J. PRISCO, J.**

Defendant **ANTHONY GOODWINE** is charged by Indictment Number 72339-22/002 with one count of Burglary in the Second Degree pursuant to Penal Law [PL] § 140.25 (2) [Count One], one count of Grand Larceny in the Third Degree pursuant to PL § 155.35 (1) [Count Two], and one count of Criminal Possession of Stolen Property in the Third Degree pursuant to PL § 165.50 [Count Three]. The charges pertain to Defendant allegedly aiding, abetting, and acting in concert with another person in unlawfully entering a dwelling located at 35 Echo Lane, in the Town of Mamaroneck, and his alleged theft of property which had a value in excess of three-thousand dollars ($3,000.00). The offenses are alleged to have occurred at approximately 7:10 p.m. on February 26, 2022.

On October 7, 2022, Defendant was arraigned by this Court on the charges contained in Indictment Number 72339-22/002. Attached to the indictment are the People's Demand for a Notice of Alibi pursuant to Criminal Procedure Law [CPL] § 250.20 and two (2) CPL § 710.30 (1) (a) Notices regarding the People's intent to offer evidence of statements allegedly made by Defendant to a member of the Westchester County Police Department.[1]

During the court appearance on October 7, 2022, the People served and filed a Certificate of Compliance pursuant to CPL § 245.50 (1), with an attached "Discovery Disclosure Index" that identifies the items and materials that have reportedly been disclosed or provided to defense counsel. Also attached to the Certificate of Compliance are Discovery Package Transmittal

---

[1] The two (2) CPL § 710.30 (1) (a) notices pertain to electronically recorded oral statements that were allegedly made by Defendant in the vicinity of Nardozzi Place, in the Town of Mamaroneck, at approximately 8:00 p.m., on February 26, 2022.

1

**FILED**

**MAR 0 8 2023**

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Notices from the Westchester County District Attorney's Office which delineate the dates, times and methods of such disclosures. Within the People's Certificate of Compliance is a "Statement of Readiness," wherein the People state that they "confirm and announce their readiness for trial on all counts charged." Although the grand jury minutes were still outstanding, the People also verbally confirmed their readiness for trial when inquired of by this Court.

On November 17, 2022, the People served and filed a Notice of Motion for Buccal Swab, an Affirmation in Support, and a Memorandum of Law seeking an Order "requiring the defendant… to permit the taking of DNA samples from his body via a buccal cell swab," pursuant to CPL § 245.40 (1) (e).

On December 6, 2022, the Court received Defendant's "Notice of Pre-Trial Motions Pursuant to CPL Article 255" (hereinafter "Notice of Motion"), an Attorney's Affirmation and a Memorandum of Law, seeking various forms of judicial intervention and relief.

On December 14, 2022, the Court received Defendant's Affirmation in Opposition to the People's Order to Show Cause for the taking of buccal cell samples.

On December 27, 2022, this Court received the People's Affirmation in Opposition and Memorandum of Law in response to Defendant's motion for omnibus relief. Attached to the People's Affirmation is Exhibit 1, which consists of Discovery Package Transmittal Notices from the Westchester County District Attorney's Office.

The Court is also in receipt of an unredacted certified copy of the stenographic transcript of the Grand Jury proceeding dated September 26, 2022, an unredacted certified copy of the stenographic transcript of the instructions on the law dated September 28, 2022, and a flash drive which contains copies of the Grand Jury exhibits that were received in evidence. The Court has further been provided with the Search Warrant Applications and Orders dated February 8, February 27, and May 6, 2022.

On December 27, 2022, the People also served and filed a Supplemental Certificate of Compliance, which includes a "Statement of Readiness," wherein "[t]he People confirm and announce their readiness for trial on all counts charged in this matter." Attached to the Supplemental Certificate of Compliance is a copy of the People's Discovery Disclosure Index and Discovery Package Transmittal Notices from the Westchester County District Attorney's Office

2

[* 2]

which identify the additional items and information that have been disclosed to Defendant and delineate the dates, times and methods of such disclosures.

After consideration of the above referenced submissions and the aforementioned unredacted certified stenographic transcripts, the Court decides Defendant's Motion as follows:

## 1. MOTION TO DISMISS INDICTMENT NUMBER 72339-22/002 FOR FACIAL INSUFFICIENCY.

Citing CPL § 210.25 (1), Defendant moves to dismiss the indictment on the ground that "it does not substantially conform to the requirements stated in [CPL] Section 200.50 (7) (a)...[as] [t]here is no plain and concise factual statement which asserts facts supporting every element of the offense(s) charged and/or the defendant's commission thereof with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation" (*see* Point A, Page 2, of Defendant's Notice of Motion and Point A, Page 1, of Defendant's Memorandum of Law).

In response, the People assert that Defendant's motion should be denied as the instant indictment provides facts that support every element of the offenses charged and "does so in the language of the statute" (*see* Point I, Pages 5-6, of the People's Memorandum of Law).

"The essential purpose of a criminal indictment is to provide a defendant 'with fair notice of the accusations made against him, so that he will be able to prepare a defense'" (*People v Winston*, 205 AD3d 32, 38 [1st Dept 2022], quoting *People v Iannone*, 45 NY2d 589, 594 [1978]; *see People v Morris*, 61 NY2d 290, 293 [1984]; *People v Williams*, 132 AD3d 785, 785-786 [2d Dept 2015], *lv. denied* 26 NY3d 1151 [2016], *recon. denied* 27 NY3d 1009 [2016]; *People v Atta*, 126 AD3d 713, 715 [2d Dept 2015], *lv. denied* 25 NY3d 1159 [2015]). "An indictment must contain 'a plain and concise factual statement in each count which, without allegations of an evidentiary nature,...asserts facts supporting every element of the offense charged and the defendant's...commission thereof with sufficient precision to clearly apprise [him] of the conduct which is the subject of the accusation'" (*People v Nunez-Garcia,* 178 AD3d 1087, 1088 [2d Dept 2019], *lv. denied* 35 NY3d 943 [2020]), citing CPL § 200.50 (7) (a); *see People v Grega*, 72 NY2d 489, 498 [1988]; *People v Morris*, 61 NY2d at 293; *People v Iannone*, 45 NY2d at 598; *People v Rice,* 172 AD3d 1616, 1617 [3d Dept 2019]; *People v Singleton*, 130 AD2d 598, 599 [2d Dept

3

[* 3]

1987], *aff'd* 72 NY2d 845 [1988]).

Here, each of the three (3) counts contained in Indictment Number 72339-22/002 contains a statement that satisfies the requirements of CPL § 200.50 (7) (a), the cases cited above, and further provides the date on which the conduct is alleged to have occurred (*see* CPL § 200.50 (6); *People v Henry*, 183 AD3d 607, 608 [2d Dept 2020]; *People v Atta*, 126 AD3d at 715]). Accordingly, Defendant's motion to dismiss Indictment Number 72339-22/002 for facial insufficiency is denied.

### 2. MOTION FOR RELEASE OF THE GRAND JURY MINUTES TO DEFENDANT, INSPECTION THEREOF, AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 72339-22/002 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED AND THE INSTRUCTIONS PROVIDED.

Citing CPL Article 210, Defendant moves "for inspection of the Grand Jury minutes by the Court and the defendant, and subsequent to that inspection, for the dismissal of the indictment or reduction of the counts thereof, on the grounds that the evidence before the Grand Jury was not legally sufficient, and that the Grand Jurors were not properly instructed on the applicable law, and on lesser included offenses" (*see* Point B, Pages 2-3, of Defendant's Notice of Motion and Point B, Pages 2-4, of Defendant's Memorandum of Law). Specifically, Defendant asserts that the People "put forth no evidence of [Defendant] aiding anyone in committing a Burglary," and "failed…to establish the alleged property exceeded [$3,000.00]" to support the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree (*see* Point A, Pages 1-2, of Defendant's Memorandum of Law).[2]

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court (*see* Point I, Page 1, of the People's Memorandum of Law), contend that the indictment is supported by legally sufficient evidence (*see* Point I, Page 2, of the People's Memorandum of Law), and assert that "Defendant has failed to meet his high burden of showing

---

[2] While defense counsel contends that "the grand jury was tainted in that they were informed that Mr. Goodwine was identified by his Fingerprint Repository sheet…[which] would lead the grand jury to believe that [Defendant] has a criminal history and therefore prejudice them against Mr. Goodwine" (*see* Point B, Page 3, of Defendant's Memorandum of Law), upon review of the Grand Jury transcript no such identification was made. Further, the only mention of criminal history was in relation to co-defendant Felix Bruno, after which a cautionary instruction was read to the grand jurors by the People (*see* Pages 25-28 of Grand Jury Transcript dated September 26, 2022).

4

[*.4]

the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point I, Page 4, of the People's Memorandum of Law).

As to the value of the stolen items, the People contend that "the victim testified in the Grand Jury that he inherited the Omega watch from his father and that it was an antique" and "explained that he had gotten the watch refurbished; due to the value of rose gold, the value of the watch was approximately $10,000" (*see* Point I, Page 3, of the People's Memorandum of Law). The People further contend that "the other items stolen were described, including a diamond tennis bracelet and a diamond solitaire necklace" and "[p]hotographs of the items were admitted in evidence" (*Id.*). Therefore, the People aver that "[h]aving heard the testimony and having seen photographic evidence of the items, it is within the ken of the average juror that these items easily surpassed the [$3,000.00] threshold" (*Id.*).

Initially, regarding Defendant's request for the Grand Jury minutes in their entirety, CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes, speaks only to the release of "grand jury *testimony* (emphasis added)." Accordingly, as there exists no statutory authority for the release to Defendant of those portions of the Grand Jury minutes that constitute colloquy or instructions, and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing the defendant with the transcript of the grand jury testimony on November 17, 2022 (*see* Page 5 of the People's Affirmation in Opposition), the defendant's request for the Grand Jury minutes in their entirety is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury proceedings, having examined the unredacted certified copies of the stenographic transcripts of the Grand Jury proceeding dated September 26, 2022 and the instructions on the law dated September 28, 2022.

On September 26, 2022, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty (20) grand jurors were present. Prior to instructing the grand jurors on the applicable law on September 28, 2022, the People confirmed with the foreperson that those twenty (20) grand jurors were present throughout the presentation of the case. These measures by the People satisfy this Court that the

twenty (20) grand jurors who deliberated and voted on the charges contained in Indictment Number 72339-22/002 were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Edwards*, 36 NY3d 946, 947 [2020]; *People v Deleon*, 34 NY3d 965, 966 [2019]; *People v Bello*, 92 NY2d 523, 525 [1998]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Pino*, 162 AD3d 910, 910-911 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Deleon*, 34 NY3d at 966; *People v Mills*, 1 NY3d at 274; *People v Booker*, 164 AD3d at 820; *People v Pino*, 162 AD3d at 911; *People v Arcila*, 152 AD3d 783, 784 [2d Dept 2017], *lv. denied* 30 NY3d 978 [2017]; *People v Hulsen*, 150 AD3d at 1262; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Gaworecki*, 37 NY3d 225, 230 [2021], quoting *People v Grant*, 17 NY3d 613, 616 [2011]; *see People v Mills*, 1 NY3d at 274; *People v Bello*, 92 NY2d at 526; *see People v Holloway*, 210 AD3d 1007, 1008 [2d Dept 2022]; *People v Castro*, 202 AD3d 815, 816 [2d Dept 2022]; *People v Booker*, 164 AD3d at 820). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Booker*, 164 AD3d at 821; *People v Pino*, 162 AD3d at 911; *People v Arcila*, 152 AD3d at 784).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charge of Burglary in the Second Degree as set forth in Count One of Indictment Number 72339-22/002.

However, as to the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree, as set forth in Counts Two and Three, respectively, the People failed to prove that the value of the property that was allegedly stolen and possessed by

6

Defendant exceeds three-thousand dollars ($3,000.00).

Pursuant to PL § 155.20 (1), "value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." "Any person who testifies as to the value of an item 'must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value'" (*People v Sutherland*, 102 AD3d 897, 898 [2d Dept 2013], quoting *People v Lopez*, 79 NY2d 402, 404 [1992]; *see People v Piasta*, 207 AD3d 1054, 1058 [4th Dept 2022], *lv. denied* 38 NY3d 1190 [2022]; *People v Box*, 181 AD3d 1238, 1241 [4th Dept 2020], *lv. denied* 35 NY3d 1025 [2020]; *People v Slack*, 137 AD3d 1568, 1569 [4th Dept 2016], *lv. denied* 27 NY3d 1139 [2016]). "'Conclusory statements and rough estimates of value' that are unsupported by a basis of knowledge are insufficient" (*People v Sutherland*, 102 AD3d at 899, quoting *People v Loomis*, 56 AD3d 1046, 1047 [3d Dept 2008]; *see People v Box*, 181 AD3d at 1241; *People v Slack*, 137 AD3d at 1569; *People v Walker*, 119 AD3d 1402, 1402-1403 [4th Dept 2014]; *People v Pallagi*, 91 AD3d 1266, 1269 [4th Dept 2012]).

Here, although the homeowner testified regarding the items that were missing[3] and estimated that the value of the watch was "around ten thousand dollars" and the value of the necklace was "fifteen hundred [dollars]" (*see* Page 8, Lines 19-25 and Page 9, Lines 1-12, of Grand Jury Transcript dated September 26, 2022), he failed to provide a basis of knowledge for his statements and there was no other evidence as to the value of the stolen property (*see People v Sutherland*, 102 AD3d at 899; *People v Rivera*, 180 AD3d 939, 940 [2d Dept 2020]). Thus, the People failed to meet their burden of proving the required value element of Grand Larceny in the Third Degree (PL § 155.35) and Criminal Possession of Stolen Property in the Third Degree (PL § 165.50), to wit, a property value in excess of three-thousand dollars ($3,000.00) at the time of the alleged crime.

Notwithstanding the above, the evidence presented to the Grand Jury did establish the crimes of Petit Larceny (PL § 155.25) and Criminal Possession of Stolen Property in the Fifth Degree (PL § 165.40), as value is not an element thereof.

---

[3] The homeowner alleged that the stolen items included various pieces of jewelry such as an Omega watch, "solitaire diamond necklace," "diamond tennis bracelet," and an earring (*see* Pages 8-11, of Grand Jury Transcript dated September 26, 2022).

7

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Jimenez*, 39 NY3d 74 [2022]; *People v Palma*, 208 AD3d 801, 802 [2d Dept 2022]; *People v Sealy*, 181 AD3d 893, 894 [2d Dept 2020], *lv. denied* 35 NY3d 1070 [2020]; *People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). "'The exceptional remedy of dismissal of an indictment is warranted only where prosecutorial misconduct, fraudulent conduct or errors created a possibility of prejudice" (*People v Palma*, 208 AD3d at 802, quoting *People v Addimando*, 197 AD3d 106, 121 [2d Dept 2021]; *see People v Huston*, 88 NY2d 400, 409 [1996]; *People v Sealy*, 181 AD3d at 894; *People v Williams*, 171 AD3d at 805; *People v Burch*, 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). Here, the Court finds that no such misconduct, conduct or errors occurred.

Further, while a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d at 394; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch*, 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson*, 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

After an in-camera review of the unredacted certified copies of the stenographic transcripts of the Grand Jury proceeding and the instructions on the law provided therein, this Court

8

determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charge of Burglary in the Second Degree is denied and his motion to dismiss or reduce the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree is granted to the extent that such counts are reduced to Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree, respectively.

## 3. MOTION TO SUPPRESS STATEMENTS.

Citing CPL Article 710, the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 6, of the New York State Constitution, Defendant moves to suppress "the statements which the People seek to offer" on the grounds that such statements were "the product of in-custody questioning, were involuntary, and were the product of an illegal detention or arrest" (*see* Point C, Page 3, of Defendant's Notice of Motion and Point C, Pages 4-5, of Defendant's Memorandum of Law). In the alternative, Defendant moves for a "*Huntley/Dunaway* hearing" (*see* Point C, Page 3, of Defendant's Notice of Motion and Page 4 of Attorney's Affirmation).

In response, the People "consent to a *Huntley* hearing, at which the People will meet their initial burden of proving, beyond a reasonable doubt, that defendant's statements were voluntary" (*see* Point II, Page 7, of the People's Memorandum of Law). The People further "move to withdraw the second CPL 710.30 notice served upon defendant providing notice of a statement made by him on February 26, 2022 at approximately 8:00 p.m. in a police car at Nardozzi Place" (*Id.* at Page 9).

As the People have consented to a hearing to address Defendant's claims, Defendant's motion to suppress statements is granted to the extent that hearings pursuant to *People v Huntley*, 15 NY2d 72 [1965], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine the voluntariness and admissibility of the first CPL § 710.30 (1) (a) noticed statement.

However, as the People have withdrawn the second CPL § 710.30 (1) (a) Notice, Defendant's motion to suppress such is denied as moot.

9

## 4. MOTION TO SUPPRESS PHYSICAL EVIDENCE.

Citing CPL Article 710, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Article I, Section 12, of the New York State Constitution, Defendant moves to suppress and prohibit "the use at trial or any hearing on this matter of all evidence, including all physical evidence, and any statements in that such evidence and property was unlawfully seized and was the fruit of an unlawful arrest, as defendant was arrested [without] probable cause" (*see* Point D, Page 3, of Defendant's Notice of Motion). Specifically, Defendant contends that "[t]he police had neither a warrant nor probable cause for the search of Mr. Bruno's vehicle nor the area of the car recently vacated by Mr. Goodwine," that "there was no probable cause to give chase to the vehicle driven that night, nor to pull the car over," and "neither gentleman gave permission to search the car nor their person" (*see* Point D, Page 6, of Defendant's Memorandum of Law). Defendant further contends that "the sock was [not] abandoned by the vehicle occupants" since "the items discarded by Mr. Goodwine or Mr. Bruno were discarded as the result of an unlawful chase by the police" (*Id.* at Page 8).[4] In the alternative, Defendant seeks "a hearing to determine whether defendant was arrested with probable case and the admissibility of such evidence" (*see* Point D, Page 3, of Defendant's Notice of Motion).

In response, the People contend that Defendant's motion should be denied because he has failed to allege sufficient sworn allegations of fact (*see* Point III, Page 11, of the People's Memorandum of Law). The People also contend that "[t]o the extent defendant is seeking to suppress the earring that was found in plain view on the front seat of his co-defendant's Honda, defendant has no standing [as he] was a mere passenger in the lawfully stopped vehicle and thus, has no legitimate expectation of privacy" (*Id.* at Pages 11-12). Even if Defendant did have standing, the People aver that "the earring from the abandoned car" could be lawfully recovered under the automobile exception or plain view doctrine (*Id.* at Page 12). Finally, the People argue that Defendant lacks standing to challenge "the sock filled with jewelry," since such items were

---

[4] Defendant further contends that, "[a]s the initial search was improper...[the] subsequent seizure of the sock containing the alleged items...should be thrown out" and "[a]ny conduct which flowed from these improper police activity including the seizure of the defendant's personal affects" should be suppressed (*see* Point D, Page 7, of Defendant's Memorandum of Law).

10

[* 10]

abandoned and that the abandonment "was not precipitated by any unlawful police conduct" (*Id.* at Page 13).

"A defendant abandons property when he voluntarily relinquishes possession in a calculated decision in response to police conduct" (*People v Whitfield*, 186 AD3d 1414, 1415 [2d Dept 2020], *lv denied* 36 NY3d 977 [2020]), quoting *People v Oliver*, 39 AD3d 880, 880 [2d Dept 2007], *lv. dismissed* 9 NY3d 868 [2007]; *see People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996], and "[w]here a defendant abandons property, there is no search or seizure" (*People v Whitfield*, 186 AD3d at 1415, quoting *People v Burkett*, 98 AD3d 746, 747 [2d Dept 2012], *lv. denied* 20 NY3d 985 [2012]; *see People v Kluge*, 180 AD3d 705, 707 [2d Dept 2020]; *People v Hogya*, 80 AD2d 621, 621 [2d Dept 1981], *appeal dismissed* 56 NY2d 602 [1982]). However, "if the abandonment is coerced or precipitated by unlawful police activity, then the seized property may be suppressed because it constitutes fruit of the poisonous tree" (*People v Rice*, 204 AD3d 834, 837 [2d Dept 2022], quoting *People v Ramirez-Portoreal*, 88 NY2d at 110; *see Matter of Francis O.*, 208 AD3d 51, 57 [1st Dept 2022]; *People v Kluge*, 180 AD3d at 707).

Accordingly, upon the issues raised in Defendant's and the People's papers, Defendant's motion for suppression of physical evidence is granted to the extent that hearings pursuant to *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine the legality of the evidentiary recovery/seizure and its admissibility at trial.

## 5. MOTION FOR A *FRYE* HEARING.

"Based on a review of the provided Discovery the defense *believes* that the people intend to introduce DNA evidence based on testing conducted through the STRMix DNA testing program" and therefore "requests a <u>Frye</u> hearing on the reliability, validity and general acceptance of the program, process, statistical calculations, and the resulting profiles" (emphasis added) (*see* Point E, Page 3, of Defendant's Notice of Motion and Point E, Pages 8-41, of Defendant's Memorandum of Law). Specifically, Defendant asserts that "STRMix has never been accepted in a New York Court, so it is by its nature novel scientific evidence" (*see* Point E, Page 31, of Defendant's Memorandum of Law).

In response, the People aver that it is well-established that DNA evidence has been widely accepted by the scientific community and that "Defendant's contention that STRmix specifically

11

has never been accepted in a New York Court...is inaccurate" (*see* Point IV, Page 14, of the People's Memorandum of Law). The People further contend that Defendant's motion should be denied as premature since "there is no admissible evidence pertaining to DNA until a buccal swab from the defendant is submitted for comparison, which has not been completed or even ordered" (*Id.* at Page 15).

Although the People filed a motion seeking to permit the taking of DNA from Defendant by way of a buccal swab, as a sample has not yet been collected, Defendant's motion is denied as premature. However, if the motion is granted, and the People indicate that they intend to offer DNA evidence at trial, Defendant can renew his motion to the Court.[5]

## 6. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASSOCIATED *SANDOVAL* AND *VENTIMIGLIA* HEARINGS.

Relying on *People v Sandoval*, 34 NY2d 371 [1974], and *People v Ventimiglia*, 52 NY2d 350 [1981], Defendant moves for a "pre-trial hearing to determine the admissibility at trial for any purpose of any and all alleged criminal convictions and/or criminal, vicious or immoral acts of defendant," and requests that the People notify him of "all specific instances of defendant's alleged prior uncharged criminal, vicious or immoral conduct of which the prosecution has knowledge, and which the District Attorney intends to use at trial" (*see* Point F, Page 3, of Defendant's Notice of Motion and Point F, Pages 41-43, of Defendant's Memorandum of Law).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made (*see* Point V, Page 16, of the People's Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case [pursuant to *People v Molineux*, 168 NY 264 [1901]], the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*Id.*).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in

---

[5] The parties are invited to review the following cases regarding STRmix: *People v Bullard-Daniel*, 203 AD3d 1630 [4th Dept 2022]; *lv. denied*, 38 NY3d 1069 [2022]; *People v Wakefield*, 38 NY3d 367 n 11 [2022], *reargument denied*, 38 NY3d 1121 [2022]; *United States v Gissantaner*, 990 F.3d 457 [6th Cir. 2021].

the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for impeaching his credibility or as substantive proof of any material issue in the case, nor designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

## 7. MOTION FOR DISCOVERY COMPLIANCE AND TO DEEM THE CERTIFICATE OF COMPLIANCE INVALID AND THE STATEMENT OF READINESS ILLUSORY.

Citing CPL § 245.20, Defendant moves for the People "to provide all requisite and outstanding discovery" and contends that the People have not fully complied with their discovery obligations and, thus, he requests that the Court deem the Certificate of Compliance dated October 7, 2022 invalid and the Statement of Readiness illusory (*see* Point G, Page 4, of Defendant's Notice of Motion and Point G, Pages 43-50, of Defendant's Memorandum of Law). Specifically, Defendant avers that the People have failed to provide discovery regarding a statement made by co-defendant Felix Bruno, "forensic analysis and testing," and the Grand Jury minutes (*see* Point

13

G, Pages 44-46, of Defendant's Memorandum of Law). Defendant further argues that the People have failed to make a "diligent, good faith effort to make this material available to the defense" (*Id.* at Page 44).

In response, the People assert that "defendant's motion to declare the People's COC and SOR illusory should be summarily denied" (*see* Point VI, Page 23, of the People's Memorandum of Law). The People have also provided the Court with descriptions of the additional materials and information that have purportedly been provided to Defendant and the dates upon which such disclosure allegedly took place pursuant to the People's continuing duty to do so pursuant to CPL § 245.60 (*Id.* at Pages 17-21).

### Co-defendant's recorded statement

The People contend that, as soon as they read Defendant's motion and found out that co-defendant Bruno's recorded statement was not sent to Defendant, the "same was immediately delivered via the Portal" (*see* Point VI, Page 17, of the People's Memorandum of Law). Therefore, the People contend that "[t]his was nothing more than an inadvertent oversight in a case with two defendants and voluminous discovery" (*Id.* at Pages 17-18). The People further aver that although the Discovery Disclosure Index attached to the Certificate of Compliance alerted Defendant to the existence of such statement, Defendant did not raise this deficiency promptly (*People v Marin*, 74 Misc3d 1037, 1048 [Crim Ct, Bronx County 2022]), but instead waited almost two months to alert the People that they were missing this information (*Id.* at Page 18).[6] Finally, the People state there is no prejudice to Defendant as such was not noticed and will not be used at trial (*Id.*).

### Lab materials

The People assert that, despite Defendant's assertion that "no expert is listed" on the People's Discovery Disclosure Index, Joseph Phillips, the forensic analyst in this case, is listed under "Section C," which is entitled "Name and adequate contact information for non-law enforcement witnesses and others with relevant information" (*see* Point VI, Page 18, of the People's Memorandum of Law). The People further assert that "Mr. Phillips's CV, proficiency

---

[6] The People believed such notice had been sent on March 10, 2022, as such was sent to co-defendant Bruno (*see* Point VI, Page 18, of the People's Memorandum of Law).

14

exams,[7] statements of qualifications and 1(k) information were provided to defendant via the Portal on October 5, 2022" (*Id.* at Page 19).[8] Additionally, the People contend that no publications exist written by Mr. Phillips or other analysts at the lab (*Id.*).

As to the remainder of the items sought by Defendant, the People submit that "the demands are either for items that were...already provided (*e.g.* 'lab notes,' 'all STRMix runs'); are from a different case...; do not exist (*e.g.* '[c]alculations or codes used in programs to create statistical analysis, including...information pertaining to the FBI Popstats that is used for these calculations')[9]; or are for items that are either not considered part of automatic discovery or are proprietary (*e.g.* '[a]ny and all source codes for kits used in this case')" (*see* Point VI, Page 19, of the People's Memorandum of Law).[10] Finally, the People contend that "[i]n all other instances, the demands are simply too vague and/or broad for Lab personnel to decipher exactly what defendant is demanding (*e.g.* 'quality assurance tests and results')" (*Id.*).

Grand Jury minutes

Regarding the grand jury minutes, the People indicate that such were "received and immediately sent" to Defendant on November 17, 2022 (*see* Point VI, Page 20, of the People's Memorandum of Law). Further, the People contend that when they filed their Certificate of Compliance on October 7, 2022, and announced their readiness, the defendant was aware that the Grand Jury minutes were outstanding (*Id.*). Finally, the People assert that the Grand Jury minutes

---

[7] The People submit that, while all of Mr. Phillips exams were sent to Defendant, he has not worked at the lab long enough to have proficiency exams for "the past ten years" (*see* Point VI, Page 19, Footnote 5, of the People's Memorandum of Law).

[8] As to materials pertaining to Lynn Stout (*see* Point G, Page 44, of Defendant's Memorandum of Law), the People contend that she is not the analyst for this case (*see* Point VI, Page 19, of the People's Memorandum of Law).

[9] The People state that, "[a]ccording to Senior Forensic Scientist Jennifer Reilly, the Lab does not use FBI Popstats" (*see* Point VI, Page 19, Footnote 6, of the People's Memorandum of Law).

[10] The People indicate that, "[w]ith respect to defendant's demand for the Lab's internal validation for STRmix...the Lab has provided it to the People for provision to defendant via the Portal" (*see* Point VI, Page 19, Footnote 7, of the People's Memorandum of Law). The People further contend that "the Lab has provided [the] STRmix Implementation Report, as well as another document for provision to defendant that explains the company's conditions for provision of the STRmix Materials and/or the Source Code, also demanded by defendant" (*Id.*) However, the People contend that "STRmix considers the source codes proprietary, privileged, confidential and secret intellectual property belonging to the company" (*Id.*).

were provided to Defendant "41 days after his arraignment" and, therefore, "were disclosed in a timely manner [pursuant to CPL §§ 245.10 (1) (a) (i) and 245.20 (1) (b)]" (*Id.*).

Pursuant to CPL § 245.20 (1), the People must automatically disclose to defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (*see People v Sime*, 76 Misc.3d 1107, 1111 956, 959 [Crim Ct, Kings County 2022]; *People v Martinez*, 75 Misc3d 1212(A) [Crim Ct, NY County 2022]; *People v Darren*, 75 Misc3d 1208(A) [Crim Ct, NY County 2022]; *People v Aquino*, 74 Misc3d 1147, 1152 [Sup Ct, NY County 2022]; *People v Rodriguez*, 73 Misc3d 411, 413 [Sup Ct, Queens County 2021]) and the statute sets forth a non-exhaustive list of items and information that must be disclosed to the defendant as part of the People's initial discovery obligation (*see People v Deas*, 75 Misc3d 190, 193 [Sup Ct, Westchester County 2022]; *People v Rodriguez*, 73 Misc3d at 413; *People v Perez*, 73 Misc3d 171, 173 [Sup Ct, Queens County 2021]; *People v Soto*, 72 Misc3d 1153, 1155 [Crim Ct, NY County 2021]). CPL § 245.20 (2) further requires the People to "make a diligent, good faith effort to ascertain the existence of [such] material or information," and where it exists, to make it available for discovery, even if the material is not within their possession, custody, or control (*see People v Martinez*, 75 Misc3d 1212(A); *People v Darren*, 75 Misc3d 1208(A); *People v Cajilima*, 75 Misc3d 438, 440 [Sup Ct, Nassau County 2022]; *People v Williams*, 73 Misc3d 1091, 1103-1104 [Sup Ct, Kings County 2021]; *People v Perez*, 73 Misc3d at 174).

However, notwithstanding the mandates of CPL § 245.20 (1) and (2), "[n]owhere within CPL article 245…is there a requirement that the People disclose every discovery item under CPL 245.20 (1) prior to the valid filing of a certificate of compliance. On the contrary, CPL article 245…present[s] a theme emphasizing the importance of good faith efforts by the People, and reasonableness under the circumstances, as it relates to discovery compliance" (*People v Bruni*, 71 Misc3d 913, 917 [County Ct, Albany County 2021]; *see People v Leonardo*, 75 Misc3d 1237(A) [Crim Ct, Queens County 2022]; *People v Pierna*, 74 Misc3d 1072, 1087-1088 [Crim Ct, Bronx County 2022]; *People v Barralaga*, 73 Misc3d 510, 514 [Crim Ct, NY County 2021]; *People v Rodriguez*, 73 Misc3d at 416-417; *People v Knight*, 69 Misc3d 546, 552 [Sup Ct, Kings County 2020]; *People v Erby*, 68 Misc3d 625, 633 [Sup Ct, Bronx County 2020]; *People v Askin*, 68 Misc3d 372, 378-379 [County Court, Nassau County 2020]). "Article 245 requires the

16

prosecution to proactively disclose qualifying material to defendant and file a 'certification of *good faith compliance*' prior to stating their readiness for trial" (emphasis added) (*People v Leonardo*, 75 Misc3d 1237(A), citing CPL § 30.30 (5) and CPL § 245.50 (3)). Consequently, numerous courts have found that belated disclosure should not invalidate a Certificate of Compliance that was made in good faith after the exercise of due diligence (*People v Sime*, 76 Misc3d at 1114; *People v Rodriguez*, 73 Misc3d at 416, citing *People v Bruni*, 71 Misc3d at 921; *People v Erby*, 68 Misc3d at 633; *People v Gonzalez*, 68 Misc3d 1213[A] [Sup Ct, Kings County 2020]; *People v Knight*, 69 Misc3d at 552; *People v Lustig*, 68 Misc3d 234, 247 [Sup Ct, Queens County 2020]; *People v Randolph*, 69 Misc 3d 770, 770 [Sup Ct, Suffolk County 2020]) and a Certificate of Compliance need not be invalidated for the belated disclosure of discoverable material not previously known to the People (*see People v Surgick*, 73 Misc3d 1212[A] [Albany City Ct 2021] or because of "[i]nadvertent errors or omissions" (*People v Pondexter*, 76 Misc3d 349, 353 [Crim Ct, NY County 2022], citing *People v Nelson*, 75 Misc3d 1203[A] [Crim Ct, NY County 2022]; *People v Rodriguez*, 73 Misc3d at 416; *People v Moore*, 72 Misc3d 903, 907 [Sup Ct, Kings County 2021]).

In determining the validity of the Certificate of Compliance in this case, this Court has looked at the People's efforts to meet their discovery obligations and finds them sufficient, agreeing that "good faith, due diligence, and reasonableness under the circumstances are the touchstones by which a certificate of compliance must be evaluated" (*People v Marin*, 74 Misc3d at 1042, quoting *People v Perez*, 73 Misc3d at 177; *see People v Cajilima*, 75 Misc3d at 441; *People v Henry*, 74 Misc3d 1230(A) [Sup Ct, Richmond County 2022]; *People v Rodriguez*, 73 Misc3d at 417; *People v Georgiopoulos*, 71 Misc3d 1215(A) [Sup Ct, Queens County 2021]). Here, the People have outlined the due diligence and good faith efforts that they have undertaken to obtain and provide the initial and additional discovery materials and information to the defendant. If there is any discoverable material or information that remains outstanding, it is not due to a lack of good faith effort or due diligence on the part of the People. To the extent that such has not yet been disclosed, should the People ascertain the existence of any of the materials and information itemized in CPL § 245.20 (1) through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon receipt thereof. If such material or information does exist and is missing, disclosed belatedly, or destroyed, this Court will determine whether a

sanction should be imposed and, if so, the appropriate remedy or sanction under the circumstances (*see* CPL § 245.80).

Accordingly, for the reasons set forth above, this Court finds that the People's statement of readiness was not illusory and Defendant's motion seeking invalidation of the People's Certificate of Compliance is denied.


## 8. MOTION FOR EXCULPATORY MATERIAL.

Defendant moves to be provided with "all information material and property of whatever kind within the knowledge, possession or control of the District Attorney or any law enforcement agency which may assist the defense or tend to exculpate defendant, or to negate any element of any crime charged against him, or to mitigate the degree of any such crime, or to reduce his criminal liability or lessen his potential punishment, or which supports the position of the defense or tends to disprove the position of the prosecution at any anticipated trial or hearing of this matter" (*see* Point H, Pages 4-5, of Defendant's Notice of Motion). Specifically, Defendant requests that the Court "conduct an in-camera examination of all police reports and depositions relevant to this case to decide what the defendant is entitled to" (*see* Point H, Page 50, of Defendant's Memorandum of Law).

In response, the People acknowledge "their continuing obligation to disclose exculpatory evidence that is within their possession pursuant to *Brady v Maryland* (373 US 83 [1963]) and *People v Fein* (18 NY2d 162 [1966])," and state that "[t]o the extent such material becomes known and is in possession of the people, it will be provided to the defendant" (*see* Point VII, Page 24, of the People's Memorandum of Law).

Defendant's request for an in-camera inspection of the People's file by the Court is denied. However, the People are respectfully reminded to remain cognizant of their discovery obligations not only as required by *Brady*, *Giglio v United States*, 405 US 150 [1972], *People v Geaslen*, 54 NY2d 510 [1981], and their respective progeny, but also as mandated by CPL Article 245. Specifically, CPL § 245.20 (1) (k) requires that the prosecutor disclose "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in this case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense;

18

(iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment" and such disclosure must occur expeditiously upon its receipt, "whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information."

Pursuant to CPL § 245.20 (1) (l), the People must also disclose "a summary of all promises, rewards and inducements made to, or in favor of, persons who may be called as witnesses, as well as requests for consideration by persons who may be called as witnesses and copies of all documents relevant to a promise, reward or inducement."

To the extent that such evidence and information is known but has not yet been disclosed, the People are directed to do so expeditiously. Further, should the People ascertain the existence of *Brady, Geaslen*, or *Giglio* material, or of any of the materials and information itemized in CPL § 245.20 (1) (k) and (l), through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon its receipt.

## 9. MOTION TO STRIKE ALIBI NOTICE.

Defendant moves to strike the prosecution's demand for alibi notice (*see* Point I, Page 5, of Defendant's Notice of Motion) on the grounds that such demand and CPL § 250.20, the statute upon which the People's notice is based, violate "defendant's right to the due process of law," and "impermissibly impinge upon his right to the effective assistance of counsel" pursuant to the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 6, of the New York State Constitution (*see* Point I, Pages 51-52, of Defendant's Memorandum of Law).

As it is well-settled that CPL § 250.20 is constitutional (*People v Dawson*, 185 AD2d 854, 855 [2d Dept 1992], *lv. denied* 80 NY2d 974 [1992]; *People v Cruz*, 176 AD2d 751, 752 [2d Dept 1991], *lv. denied* 79 NY2d 855 [1992]; *People v Gill*, 164 AD2d 867 [2d Dept 1990], *lv. denied* 76 NY2d 893 [1990]; *People v Peterson*, 96 AD2d 871, 872 [2d Dept 1983]), and provides reciprocal disclosure rights to defendants (*see* CPL § 250.20 (2); *Wardius v Oregon*, 412 US 470 [1973]; *People v Crevelle*, 125 AD3d 995, 996-997 [2d Dept 2015]; *People v Ortiz*, 133 AD2d 853, 854-855 [2d Dept 1987], *lv. denied* 70 NY2d 959 [1988]; *People v Peterson*, 96 AD2d at 872), Defendant's motion to strike the People's alibi notice is denied.

19

## 10. RESERVATION OF RIGHT TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Point J, Page 52 of Defendant's Memorandum of Law) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte*, 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

The foregoing constitutes the Decision and Order of this Court.

Dated:  White Plains, New York
        February 2, 2023

_____
HONORABLE ROBERT J. PRISCO
County Court Judge

20

[* 20]

To:   HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Celia Curtis

THE LEGAL AID SOCIETY OF
WESTCHESTER COUNTY
Attorney for Defendant Anthony Goodwine
150 Grand Street-Suite 100
White Plains, New York 10601
Attn: April A. McKenzie, Esq.

21